IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINTON NESTA BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>ADULT LANCASTER COUNTY CORRECTIONAL FACILITY; SGT. ARON COOPER, #2230; SGT. DARRYL SHAFER, #5404; and OFFICER JUSTIN BORGOGNONE, #25513,<br><br>Defendants. | 8:21CV55<br><br>MEMORANDUM AND ORDER |

Plaintiff Linton Nesta Baker is currently incarcerated at the Lancaster County Jail. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff alleges that because he refused a temperature check in the Lancaster County Jail, Defendants Darryl Shafer and Justin Borgognone issued Plaintiff a misconduct report. Sometime thereafter, Defendant Aron Cooper appeared at Plaintiff's one-inmate segregated cell and asked him if he wanted his "yard activity hour." Plaintiff declined. Plaintiff claims he later learned that Defendant Cooper actually came to Plaintiff's cell to take Plaintiff to a hearing on the misconduct report, yet he asked Plaintiff if he wanted yard time. Noting that Plaintiff "Declined to Attend" (Filing 1 at CM/ECF p. 5), the disciplinary hearing officer found Plaintiff

"guilty" of the alleged misconduct and gave Plaintiff five days of disciplinary segregation for refusing the temperature check.

Plaintiff appealed his discipline (Filing 1 at CM/ECF pp. 6-7), which included receiving a copy of the investigative report, arguing that he "can't get in trouble for refusing medical [treatment]" such as temperature checks, and calling a witness. The copy of Plaintiff's disciplinary appeal, which is attached to Plaintiff's Complaint, does not indicate the result of the appeal.

Plaintiff complains that he was denied due process at his disciplinary hearing. Plaintiff demands $1,000,000 in damages.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

As a preliminary matter, Defendant Adult Lancaster County Correctional Facility will be dismissed because a county jail is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit.").

Plaintiff alleges, presumably under 42 U.S.C. § 1983, that the Defendants violated his right to procedural due process[1] when they denied him the right to attend the hearing on his misconduct report for refusing to have his temperature taken, thereby subjecting him to five days of disciplinary segregation. Plaintiff does not specify the capacity in which he sues Defendants Cooper, Shafer, and Borgognone, requiring the court to construe Plaintiff's suit as being brought against such Defendants in their official capacities only, which is actually a suit against these Defendants' public employer, Lancaster County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is

---

[1] Because the Defendants are state actors, the court construes Plaintiff's procedural-due-process claim as arising under the Due Process Clause of the Fourteenth Amendment, rather than the Fifth Amendment, as Plaintiff alleges. *Zutz v. Nelson*, 601 F.3d 842, 849 (8th Cir. 2010) (Fifth Amendment's Due Process Clause applies only to federal government or federal actions).

3

actually a suit against the entity for which the official is an agent."); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . .").

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts

> pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's allegations against Defendants Cooper, Shafer, and Borgognone in their official capacities—which are in reality asserted against Lancaster County—fail to state a claim upon which relief can be granted because Plaintiff does not allege that a policy or custom of a government entity caused the violation of his constitutional rights.

On its own motion, the court will give Plaintiff leave to file an amended complaint to specify the capacity in which he sues Defendants Cooper, Shafer, and Borgognone. If he elects to sue such Defendants in their individual capacities in an amended complaint, and depending on the sufficiency of the allegations therein, Plaintiff's procedural-due-process claim may be allowed to proceed against the officers alleged to be responsible for issuing the misconduct report and misleading Plaintiff so that he did not attend the disciplinary hearing. *See Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992) (When "an inmate is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, then due process requires some kind of hearing beforehand.") (quoting *Jones v. Mabry*, 723 F.2d 590, 594 (8th Cir.1983)); *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) ("A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less."); *Webb v. Johnson*, No. 4:21CV3042, 2021 WL 2002712, at *9 (D. Neb. May 19, 2021) (procedural-due-process claim allowed to proceed when plaintiff received disciplinary reports for refusing to have temperature taken when he received no notice that such refusal would result cell restriction and denial of privileges); *cf. May v. Higgins*, No. 420CV00826BRWJJV, 2020 WL 4919562, at

5

*3 (E.D. Ark. Aug. 7, 2020) (pretrial detainee who lost commissary privileges for one week for refusing to have his temperature taken failed to plead plausible procedural due process claim because isolating a detainee to prevent the spread of Covid-19 is not punishment), *report and recommendation adopted*, No. 420CV00826BRWJJV, 2020 WL 4905833 (E.D. Ark. Aug. 20, 2020), *appeal dismissed*, No. 20-2854, 2020 WL 8743616 (8th Cir. Oct. 1, 2020).

If Plaintiff files an amended complaint, he should include allegations regarding the result of his appeal from the disciplinary hearing and whether he actually spent five days in disciplinary segregation.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants Cooper, Shafer, and Borgognone in their official capacities, and Defendant Adult Lancaster County Correctional Facility must be dismissed as a non-suable entity.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his procedural-due-process claim. The amended complaint must specify the capacity in which the Defendants are sued and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's

claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must state the capacity (official, individual, or both) in which each Defendant is sued and set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. Plaintiff should be mindful to explain in his amended complaint what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff shall include allegations regarding the result of his appeal from the disciplinary hearing and whether he actually spent five days in disciplinary segregation.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: August 19, 2021—amended complaint due.

5.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

6.     Defendant Adult Lancaster County Correctional Facility is dismissed without prejudice as a non-suable entity under 42 U.S.C. § 1983.

7.     Plaintiff's Motion to Waive Filing Fee (Filing 6) is denied as moot, as the court has granted Plaintiff leave to proceed in forma pauperis in Filing 8.

8.     Plaintiff's Motion to Correct Gender (Filing 9) is granted, and the court will refer to Plaintiff as "he/him" rather than "she/her."

9.     Plaintiff's Motion for Status (Filing 10) is granted, and this Memorandum and Order shall serve as the court's update as to the status of this case.

DATED this 20th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge