IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LINTON NESTA BAKER,

                    Plaintiff,

          vs.

SGT. ARON COOPER, #2230, in his
official and individual capacities;
OFFICER JUSTIN BORGOGNONE,
#25513, in his official and individual
capacities; NURSE SIANN LYON,
#25644, in her official and individual
capacities; and LANCASTER COUNTY,

                    Defendants.

8:21CV55

**MEMORANDUM
AND ORDER**

        Plaintiff, a prisoner being held at the Lancaster County Jail, has been granted
leave to proceed in forma pauperis (Filing 8). After initial review of Plaintiff's
Complaint (Filing 11), Plaintiff was granted leave to file an amended complaint, which
Plaintiff has now submitted (Filing 12). The court will now conduct an initial review of
Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate
under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. LEGAL STANDARDS ON INITIAL REVIEW

        The Prison Litigation Reform Act ("PLRA") requires the court to conduct an
initial review of "a complaint in a civil action in which a prisoner seeks redress from a
governmental entity or officer or employee of a governmental entity." 28 U.S.C. §
1915A(a). On such initial review, the court must "dismiss the complaint, or any portion
of the complaint" it determines "(1) is frivolous, malicious, or fails to state a claim upon
which relief may be granted; or (2) seeks monetary relief from a defendant who is
immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in
28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff seeks money damages from Defendant Lancaster County for "failure to train their employees to provide adequate medical treatment to inmate(s)"; from Defendant Nurse Lyon for the nurse's failure "to provide adequate medical treatment to the Plaintiff on or about 13 Feb 2021"; and from Defendants Cooper and Borgognone for imposing discipline upon Plaintiff without 24 hours of notice prior to the hearing, in violation of Lancaster County Department of Corrections Disciplinary Policy. (Filing 12 at CM/ECF p. 1 (capitalization corrected).)

Plaintiff claims he notified "medical" on February 12, 2021, about stomach pain and violent tremors he had been experiencing for at least a month. Plaintiff attributes his stomach pain to the fact that he stopped receiving Tums. Plaintiff alleges that on February 13, 2021, he saw Defendant Nurse Lyon regarding his stomach pain, the tremors, and the fact that he had thrown up blood. In one part of his Amended Complaint, Plaintiff says he was not treated for these problems by any of the medical staff, but in another part of the Amended Complaint, Plaintiff alleges that he "finally . . . got the Tums" and he saw a doctor who observed his shaking, but the doctor was unable to explain it. Plaintiff asserts that he again "kited medical" on June 29, 2021, regarding his tremors, but he received no response. (Filing 12 at CM/ECF p. 2 (capitalization corrected).)

In addition to the medical issue, Plaintiff alleges that on January 2, 2021, Defendant Cooper asked Plaintiff if he "wanted to go to yard." Plaintiff declined. Thirty minutes later—and apparently after a hearing about which Plaintiff was unaware—Defendant Officer Borgognone issued a five-day disciplinary infraction to Plaintiff for refusing a temperature check. Plaintiff claims that the Lancaster County Department of Corrections Disciplinary Policy does not authorize discipline for refusing a temperature check. Plaintiff accuses Defendants Cooper and Borgognone of violating his right to procedural due process under the Fourteenth Amendment. Plaintiff alleges he has developed depression since this incident. (Filing 12 at CM/ECF p. 3 (capitalization corrected).)

### III. DISCUSSION

### A. Defendants in Official Capacities & Lancaster County

Plaintiff's claims against Defendants Cooper, Borgognone, and Lyon in their official capacities are actually asserted against Lancaster County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff

seeking damages in an official-capacity suit is seeking a judgment against the entity.")
(citation omitted).

As previously explained in the court's initial review of Plaintiff's original
Complaint, in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the
Supreme Court held that a municipality (or other local government unit) can be liable
under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some
nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the
county, Plaintiff must show that the constitutional violation resulted from (1) an official
"policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or
supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).
Plaintiff's Amended Complaint alleges that Lancaster County failed to train its
employees, like Defendant Lyon, to properly observe and act upon indications of
serious medical needs in inmates.

Although a municipality can "be liable under . . . § 1983 for constitutional
violations resulting from its failure to train municipal employees," *City of Canton, Ohio
v. Harris*, 489 U.S. 378, 380 (1989), "[a] municipality's culpability for a deprivation of
rights is at its most tenuous where a claim turns on a failure to train." *Connick v.
Thompson*, 563 U.S. 51, 61 (2011). "Only where a municipality's failure to train its
employees in a relevant respect evidences a 'deliberate indifference' to the rights of its
inhabitants can such a shortcoming be properly thought of as a [county] 'policy or
custom' that is actionable under § 1983." *Harris*, 489 U.S. at 389. A claim for failure
to train exists if (1) the county's "training practices [were] inadequate"; (2) the "failure
to train reflects a deliberate or conscious choice" by the county; and (3) the "alleged
deficiency in the . . . training procedures actually caused the plaintiff's injury." *Parrish
v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (alterations in original) (internal quotation
marks and citations omitted). Further, in order to demonstrate deliberate indifference
for failure-to-train purposes, a "pattern of similar constitutional violations by untrained
employees is ordinarily necessary." *Thompson*, 563 U.S. at 62 (internal quotation marks
and citation omitted). A failure-to-train claim cannot stand if unsupported by an
underlying constitutional violation. *Sanders v. City of Minneapolis*, 474 F.3d 523, 527

(8th Cir. 2007) ("Without a constitutional violation by the individual officers, there can be no § 1983 or *Monell* failure to train municipal liability.").

> Here, Plaintiff has failed to make any allegations whatsoever that
>
> a County official who had final authority to establish government policy made a deliberate choice, among various alternatives, to ignore its inmates' medical needs; that there was a continuing, widespread, persistent pattern of unconstitutional misconduct by the County's employees; that any policymaking official had notice of such widespread misconduct and tacitly approved it; that the County's training practices were somehow inadequate; or that any existing policies, customs, or training procedures actually caused the plaintiff's injury.

*Hunt v. Johns*, No. 4:17CV3023, 2018 WL 2298667, at *4 (D. Neb. May 21, 2018) (explaining why summary judgment would be entered against plaintiff inmate on failure-to-train claim related to inmates' serious medical needs). Rather, Plaintiff seems to allege only that Nurse Lyon's deliberate indifference must mean that the county inappropriately trained her. This is inadequate to allege a section 1983 failure-to-train claim. *White v. Sarpy Cty., Neb.*, No. 8:09CV327, 2011 WL 978401, at *8 (D. Neb. Mar. 17, 2011) (unconstitutional failure to train cannot be established by proving "a particular employee was unsatisfactorily trained, [n]either will it suffice to prove that an injury or accident could have been avoided if an employee had better or more training. Adequately trained personnel occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable" (internal quotation marks and citation omitted)).

Accordingly, Plaintiff's failure-to-train claim against Lancaster County will be dismissed for failure to state a claim upon which relief can be granted.[1] *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming Rule 12(b)(6) dismissal of

---

[1] To the extent Plaintiff's Amended Complaint can be construed to also allege that Lancaster County failed to train its Lancaster County Jail officers to provide procedural due process before imposing discipline, this same analysis applies, and Plaintiff fails to state a claim upon which relief can be granted.

plaintiff's failure-to-train claim against county because plaintiff alleged facts only as to his own arrest and detention and failed to allege facts indicating that county deliberately and consciously adopted deficient training practices with deliberate indifference to constitutional rights of others); *Walck v. Heinert*, No. 1:16-CV-331, 2020 WL 854178, at *3 (D.N.D. Feb. 20, 2020) (plaintiff inmate failed to state claim against county when he alleged, in part, that nurse failed to take plaintiff's allergies seriously and failed to administer a laxative prescribed by plaintiff's doctor; finding that the plaintiff "fail[ed] to cite any link between the nurse's actions and the culpability of Burleigh County in general"); *White v. Holloway*, No. 5:19-CV-05144, 2020 WL 5548741, at *3 (W.D. Ark. Sept. 16, 2020) (dismissing plaintiff inmate's failure-to-train claim on summary judgment when plaintiff failed to prove that county had notice that jail medical procedures were deficient); *Rinne v. City of Beatrice*, No. 4:18CV3037, 2018 WL 4492227, at *7 (D. Neb. Sept. 19, 2018) (granting Rule 12(b)(6) motion to dismiss, stating: "Plaintiff's Complaint simply regurgitates the elements of a failure-to-train claim without providing a plausible factual basis for concluding that the City of Beatrice's police-officer training was inadequate; that there was a pattern of similar constitutional violations by improperly trained City police officers; and that the City had prior actual or constructive notice of such a pattern, of the inadequacy of its training procedures, and that its training procedures were likely to result in constitutional violations. Perhaps most significant is Plaintiff's complete failure to allege any facts supporting his failure-to-train theory other than his own arrest and detention.").

Because Plaintiff was previously advised on how to allege a municipal-liability claim, and he failed to do so in his Amended Complaint, no further leave to amend will be given. *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny leave to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss).

## B.  Defendants in Individual Capacities

### 1.  Nurse Lyon

6

Plaintiff alleges that Defendant Nurse Lyon failed "to provide adequate medical treatment to the Plaintiff on or about 13 Feb 2021," which is the day Plaintiff saw her regarding his stomach pain, tremors, and the fact that he had thrown up blood. In one part of his Amended Complaint, Plaintiff says he was not treated for these problems by any of the medical staff, but in another part of the Amended Complaint, Plaintiff alleges that he "finally . . . got the Tums" and he saw a doctor who observed his shaking, but the doctor was unable to explain it.

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under 42 U.S.C. § 1983 for violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020), *reh'g denied* (May 12, 2020). As a pretrial detainee, Plaintiff had the same right under the Due Process Clause. *Morris*, 954 F.3d at 1058 (citing *Barton v. Taber*, 908 F.3d 1119, 1123-24 (8th Cir. 2018)). To establish a constitutional violation, a prisoner or detainee must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded. *Id.* (citing *Barton*, 908 F.3d at 1124). Ascertaining "[w]hether an official was deliberately indifferent requires both an objective and a subjective analysis." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (internal quotation marks and citation omitted).

"The objective component of a claim for deliberate indifference to serious medical needs is satisfied if the medical need in question is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks and citations omitted). Establishing the subjective component of a deliberate-indifference claim requires "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotation marks and citations omitted). Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Simple disagreement with the course of treatment Plaintiff received does not constitute deliberate indifference. *See Pietrafeso v. Lawrence Cnty., S.D.*, 452 F.3d 978, 983 (8th Cir. 2006) (showing of deliberate indifference is greater than even gross negligence and requires more than mere disagreement with treatment decisions); *Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent where they treated prisoner on numerous occasions and offered "reasonable and sensible" medication and treatment); *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (claims that prison doctor refused to provide same medication as inmate's free-world doctor prescribed amounted to nothing more than disagreement as to proper course of treatment which is not actionable under Eighth Amendment).

In this case, Plaintiff has failed to plead factual content that allows the court to draw the reasonable inference that Defendant Lyon is liable for deliberate indifference to Plaintiff's serious medical needs. Assuming that body tremors, stomach pain, and throwing up blood constitute a serious medical condition that was so obvious that even a layperson would recognize the necessity for a doctor's attention, Plaintiff fails to allege the diagnosis and nature of the medical treatment Nurse Lyon gave him; whether Lyon referred Plaintiff to the doctor who allegedly saw him and what diagnosis and treatment that doctor gave him; what other follow-up care Plaintiff received, if any; and facts indicating that Nurse Lyon knew of Plaintiff's serious medical needs, but deliberately disregarded them. Plaintiff should remember that negligence and disagreement with the course of medical treatment given will not constitute a constitutional violation.

Plaintiff will be given leave to file an amended complaint as to his section 1983 claim against Defendant Nurse Lyon in her individual capacity for deliberate indifference to his serious medical needs.

## 2.  Sergeant Cooper & Officer Borgognone

Plaintiff alleges, presumably under 42 U.S.C. § 1983, that Defendants Cooper and Borgognone in their individual capacities violated his right to procedural due process under the Fourteenth Amendment when they denied him notice of, and the right

8

to attend, the hearing on his misconduct report for refusing to have his temperature taken, thereby subjecting him to five days of "disciplinary sanction." (Filing 12 at CM/ECF p. 3.)

I conclude that Plaintiff's Amended Complaint sufficiently alleges that Defendants Cooper and Borgognone were personally responsible for misleading Plaintiff so that he did not know about, or attend, the disciplinary hearing and for issuing the misconduct report. *See Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992) (when "an inmate is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, then due process requires some kind of hearing beforehand") (quoting *Jones v. Mabry*, 723 F.2d 590, 594 (8th Cir.1983)); *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) ("A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less."); *Webb v. Johnson*, No. 4:21CV3042, 2021 WL 2002712, at *9 (D. Neb. May 19, 2021) (procedural-due-process claim allowed to proceed when plaintiff received disciplinary reports for refusing to have temperature taken when he received no notice that such refusal would result in cell restriction and denial of privileges); *cf. May v. Higgins*, No. 420CV00826BRWJJV, 2020 WL 4919562, at *3 (E.D. Ark. Aug. 7, 2020) (pretrial detainee who lost commissary privileges for one week for refusing to have his temperature taken failed to plead plausible procedural due process claim because isolating a detainee to prevent the spread of Covid-19 is not punishment), *report and recommendation adopted*, No. 420CV00826, 2020 WL 4905833 (E.D. Ark. Aug. 20, 2020), *appeal dismissed*, No. 20-2854, 2020 WL 8743616 (8th Cir. Oct. 1, 2020).

Therefore, Plaintiff's procedural-due-process claim against Defendants Cooper and Borgognone in their individual capacities will go forward.

## IV. CONCLUSION

Plaintiff's claims against Lancaster County and Defendants Cooper, Borgognone, and Lyon in their official capacities will be dismissed for failure to state a claim upon which relief can be granted. Plaintiff will be given leave to file an amended

9

complaint as to his section 1983 claim against Defendant Nurse Lyon for deliberate indifference to his serious medical needs. Plaintiff's procedural-due-process claim against Defendants Cooper and Borgognone in their individual capacities will go forward.

IT IS ORDERED:

1.      Because Plaintiff's Amended Complaint does not contain claims against Defendant Darryl Schafer, such Defendant is dismissed from this case without prejudice.

2.      The Clerk of Court shall add to the docket sheet in this case Defendant Nurse Siann Lyon, #25644, in her individual capacity.

3.      Plaintiff's claims against Lancaster County and Defendants Cooper, Borgognone, and Lyon in their *official* capacities are dismissed for failure to state a claim upon which relief can be granted.

4.      Plaintiff is given leave to file a second amended complaint to supplement his factual allegations regarding his section 1983 deliberate-indifference claim against Defendant Nurse Lyon in her individual capacity and to restate his procedural-due-process claim against Defendants Cooper and Borgognone in their individual capacities.

5.      Plaintiff shall have 30 days from the date of this Memorandum and Order to file such a second amended complaint. If Plaintiff fails to file a second amended complaint, or the court finds that the second amended complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted. In his second amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his second amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

6.      In the event Plaintiff files a second amended complaint, Plaintiff shall restate the relevant allegations of his original Complaint (Filing 1), his Amended Complaint (Filing 12), and any new allegations as to those claims—and *only* those claims—which the court has decided may go forward (*i.e.*, section 1983 claim against Defendant Nurse Lyon in her individual capacity for deliberate indifference to Plaintiff's serious medical needs and procedural-due-process claim against Defendants Cooper and Borgognone in their individual capacities). Failure to consolidate all claims ***into one document*** may result in the abandonment of claims. Plaintiff is warned that a second amended complaint will supersede, not supplement, his prior pleadings.

7.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files a second amended complaint.

8.      The Clerk of the Court is directed to set the following pro se case management deadline: April 25, 2022—second amended complaint due.

DATED this 25th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge