IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINTON NESTA BAKER,<br><br>               Plaintiff,<br><br>   vs.<br><br>SGT. ARON COOPER, #2230, in their individual capacity; OFFICER JUSTIN BORGOGNONE, #25513, in their individual capacity; LANCASTER COUNTY; and SIANN LYON, Nurse, #25644, in her individual capacity,<br><br>               Defendants. | **8:21CV55**<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff was given leave to file a second amended complaint on or before June 20, 2022, via a Memorandum and Order that was sent and resent to Plaintiff due to multiple changes of Plaintiff's address. (Filings 13, 16, 20, 21, 22.) Plaintiff has failed to file a second amended complaint. Therefore, this matter may proceed as to the only claim that was found to be sufficiently pled in Plaintiff's Amended Complaint—a procedural-due-process claim against Defendants Cooper and Borgognone in their individual capacities for denying Plaintiff notice of, and the right to attend, a hearing on a misconduct report for refusing to have his temperature taken, thereby subjecting him to five days of "disciplinary sanction." (*See* Filing 13 at CM/ECF pp. 8-9.)

      IT IS ORDERED:

      1.     Plaintiff's claims against Defendants Cooper and Borgognone in their individual capacities shall proceed to service of process. All other Defendants are dismissed without prejudice.

2. For service of process on Defendants Cooper and Borgognone in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Lancaster County Department of Corrections, 3801 West O Street, Lincoln NE 68528" and forward them together with a copy of the Amended Complaint (Filing 12), the court's March 25, 2022, Memorandum and Order (Filing 13), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants Aaron Cooper and Justin Borgognone in their individual capacities at the <u>Lancaster County Department of Corrections, 3801 West O Street, Lincoln NE 68528</u>**. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[1]

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted,

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

5. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 21st day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge